UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Tailgator Sunshade, LLC, a Massachusetts limited liability company, and Charles Sotirkys, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>American Recreation Productions, LLC, a Delaware Limited Liability Company, and DOES 1-10, Inclusive,<br><br>Defendants | Civil Action No.: 1:15-cv -11066 |

# COMPLAINT

Plaintiffs Tailgator Sunshade, LLC and Charles Sotirkys ("Plaintiffs") bring this action for trademark infringement and unfair competition against American Recreation Productions, LLC ("ARP" or "Defendant"), and allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff Tailgator Sunshade, LLC is a Massachusetts limited liability company with its principal place of business located in Plymouth, Massachusetts.

2. Plaintiff Charles Sotirkys is a Massachusetts resident and is the Chief Executive Officer of Tailgator Sunshade, LLC.

3.      Defendant American Recreation Productions, LLC is a Delaware limited liability company with its principal place of business located in Chesterfield, Missouri.

4.      This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, Title 15, United States Code, §§ 1051 et seq.

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1331, and 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (trademark and unfair competition).

6.      Personal jurisdiction over the Defendant is vested in the United States District Court for the District of Massachusetts since Defendant sells infringing products within this district.

7.      Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) and (c).  Defendant has committed acts of trademark infringement and unfair competition in the nature of trademark infringement in this District and elsewhere in commerce.

FACTS COMMON TO ALL CAUSES OF ACTION

8.      Plaintiffs are engaged in the business of selling a removable sunshade that attaches to the back of vehicles.  Plaintiffs sell this product under the trademark TAILGATOR SUNSHADE (the "Tailgator Mark").

9. Plaintiffs have been selling products under the Tailgator Mark in interstate commerce since at least as early as June 2008, and have built a successful business in connection therewith.

10. Plaintiffs have taken steps to protect the Tailgator Mark and have secured U.S. Trademark Registration No. 3,728,952 for "TAILGATOR SUNSHADE and Design", a design mark comprising the words "TailGator Sunshade" and a drawing of an alligator (the "Registration"). The Registration was issued on December 22, 2009. A copy of the pertinent information about the Registration, obtained from the U.S. Patent and Trademark Office's ("PTO's") Trademark Status and Document Retrieval database showing the Registration's status and title is attached as Exhibit A.

11. Plaintiff Sotirkys granted Tailgator Sunshade LLC an exclusive license to use the Tailgator Mark

12. Registration No. 3,728,952 is valid, subsisting and incontestable.

13. The Registration constitutes *prima facie* evidence of Plaintiffs' exclusive right to use the registered trademark in commerce, and of the validity and ownership of the Tailgator Mark.

14. The Tailgator Mark is arbitrary or suggestive as applied to a removeable sunshade that attaches to the back of vehicles and is thus inherently distinctive.

15. Upon information and belief, Defendant ARP sells outdoor recreation products under various tradenames, including Kelty.

16. Within the past 12 months, Plaintiffs discovered that ARP was selling a removable sunshade that attaches to vehicles under the name "Tailgator IPA" and "Tailgater IPA" (the "Infringing Products").

17. On information and belief, subsequent to the use in commerce of the Tailgator Mark by Plaintiffs in connection with its removable sunshades that attach to vehicles, and subsequent to the date of issue of the Registration, ARP began selling and offering the Infringing Products under the names "Tailgator IPA" and "Tailgater IPA".

18. ARP's use of the names "Tailgator IPA" and "Tailgater IPA" (the "Infringing Marks") for its sunshade is confusingly similar to Plaintiffs' Tailgator Mark.

19. ARP uses the Infringing Marks on goods that are identical or highly related to Plaintiffs' goods.

20. On information and belief, the same class of persons will purchase and/or use the sunshade product sold under the Infringing Names and those sold under the Plaintiffs' Tailgator Mark.

21. The parties' respective goods are promoted and sold through the same or overlapping channels of trade at comparable price points.

22. Plaintiffs have not consented directly or indirectly to ARP's use of the Infringing Marks in any manner, nor in particular in connection with the Infringing Goods and/or related products.

23. Members of the relevant public are accordingly likely, on seeing ARP's "Tailgator IPA" and "Tailgater IPA" marks and names in connection with the Infringing Goods, to assume that such removable vehicle sunshade products are sold by or under license from, or in affiliation with, Plaintiffs.

24. ARP's use of the "Tailgator IPA" and "Tailgater IPA" marks and ARP's actions described herein are likely to cause confusion, deception and/or mistake among purchasers, potential purchasers and the relevant public in the marketplace, the relevant industry, and through all channels of trade as to the source or sponsorship of ARP's products, causing harm to Plaintiffs' reputation and goodwill.

25. The unauthorized use of the "Tailgator IPA" and "Tailgater IPA" marks by ARP constitutes infringement of Plaintiffs' Registration, in violation of the Lanham Act, 15 U.S.C. § 1051 <u>et</u> <u>seq</u>., as amended, to the substantial and irreparable injury of Plaintiffs' business reputation and goodwill. Plaintiffs' damages from the aforesaid unlawful actions of ARP are not yet determined.

26. On information and belief, ARP's use of the "Tailgator IPA" and "Tailgater IPA" marks and ARP's actions described herein have caused, and if

allowed to continue will continue to cause, dilution of the distinctive quality of Plaintiffs' Tailgator Mark.

27. ARP's use of the Infringing Marks and its actions described herein have been (and continue to be) deliberate, willful, and were commenced and have continued in spite of ARP's actual and constructive knowledge of the Registration and with disregard to the rights of Plaintiffs. This case is exceptional.

28. Plaintiffs have sustained and will continue to sustain irreparable injury as a result of ARP's conduct, which injury is not compensable by the award of monetary damages.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. §1114(1))

29. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

30. ARP's acts as described herein are likely to cause confusion, deception, or mistake as to the source of the Infringing Products and as to ARP's affiliation with or sponsorship by Plaintiffs.

31. Use of the "Tailgator IPA" and "Tailgater IPA" marks and names by ARP accordingly violates the rights of Plaintiffs in their registered Tailgator Mark.

32. Plaintiffs cannot control the nature of or quality of the goods manufactured, distributed and/or sold by ARP under the "Tailgator IPA" and

"Tailgater IPA" marks and names, and the continued use of such marks and names accordingly irreparably damages Plaintiffs and the goodwill Plaintiffs have established for the registered Tailgator Mark.

33. As applied to the respective goods, Plaintiffs' Tailgator Mark and the "Tailgator IPA" and "Tailgater IPA" marks used on ARP's Infringing Goods are so similar that they are likely to cause confusion, mistake and deception among purchasers and potential purchasers and those in the relevant trade, causing great harm to Plaintiffs' reputation and goodwill.

34. ARP's acts constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of registered trademarks, in connection with the sale, offering for sale, distribution or advertising of products, on or in connection with which such use is likely to cause confusion or to cause mistake or to deceive, in violation of 15 U.S.C. § 1114(1).

35. As a direct and proximate result of ARP's acts, Plaintiffs have suffered and, if ARP is not enjoined, will continue to suffer irreparable injury Plaintiffs' business reputations and goodwill, for which no adequate remedy exists at law.  Plaintiffs' damages from the aforesaid unlawful actions of Defendant ARP are not yet determined.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))

36. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

37. ARP has advertised, promoted, sold and offered for sale, and continues to advertise, promote, sell and offer for sale, a portable vehicle sunshade product under the Infringing Marks to trade on Plaintiffs' goodwill and reputation, to Plaintiffs' detriment.

38. ARP's acts as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the goods and services of Defendant, and otherwise constitute infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

39. As a direct and proximate result of ARP's acts, Plaintiffs have suffered and continue to suffer irreparable injury for which no adequate remedy exists at law. The said conduct of ARP has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs in the Tailgator Mark and in Plaintiffs' business, reputation and goodwill. Plaintiffs' damages from the aforesaid unlawful actions of ARP are not yet determined.

## THIRD CAUSE OF ACTION
### (Injury to Business Reputation and Dilution – M.G.L. Ch. 110H § 13)

40. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs. This is a substantial and related claim for injury to business reputation and dilution under Massachusetts common law.

35. Massachusetts General Laws, Part I, Title XV, Chapter 110H, Section 13, states:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under this chapter, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

36. Defendant's activities described above have been willful, wanton, and in deliberate disregard of Plaintiff's "Tailgator Sunshade" trademark, and for the purpose of intentionally misappropriating and capitalizing on Plaintiffs' goodwill, and has caused damage to Plaintiffs in violation of Massachusetts common law.

37. Defendant's use of the Infringing Marks on the Infringing Goods is greatly and irreparably damaging to Plaintiffs and will continue to greatly and irreparably damage Plaintiff unless restrained by this Court. As a result, Plaintiff is without an adequate remedy at law.

38. Plaintiffs' damages from the aforesaid unlawful actions of Defendant ARP are not yet determined.

## FOURTH CAUSE OF ACTION
### (State and Common Law Unfair Competition – M.G.L. Ch. 93A §§ 2, 11)

39. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs. This is a substantial and related claim for unfair competition under Massachusetts common law.

40. Defendant ARP's use of the Infringing Marks on and in connection with the Infringing Goods is likely to cause purchasers, potential purchasers and members of the relevant trade to mistakenly believe that the Infringing Goods originate from, are legitimately connected with, or sold under license from Plaintiffs, or are otherwise sponsored by, or approved by, or connected to Plaintiffs and/or Plaintiffs' products.

41. Defendant's use of the Infringing Marks in commerce on and/or in connection with the Infringing Goods constitutes false designation of origin, false or misleading descriptions of fact, or false and misleading representations of fact, and constitutes unfair competition in violation of Mass. Gen. Laws, Ch. 93A, §§ 2, 11 and the common law of the Commonwealth of Massachusetts.

42. Defendant's activities described above have been willful, wanton, and in deliberate disregard of Plaintiff's "Tailgator Sunshade" trademark, and for the purpose of intentionally misappropriating and capitalizing on Plaintiffs' goodwill.

43. Defendant's use of the Infringing Marks on the Infringing Goods is greatly and irreparably damaging to Plaintiffs, and such activities will continue to greatly and irreparably damage Plaintiffs unless restrained by this Court. As a result, Plaintiffs are without an adequate remedy at law.

44. Plaintiffs' damages from the aforesaid unlawful actions of Defendant ARP are not yet determined.

## FIFTH CAUSE OF ACTION
### (State and Common Law Trademark Infringement – M.G.L. Ch. 110H §12)

45. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs. This is a substantial and related claim for trademark infringement under Massachusetts common law.

46. Defendant ARP's use of the Infringing Marks is likely to cause confusion, mistake, or deception as to the source of the Infringing Goods. Specifically, Defendant's use of the Infringing Marks is likely to cause purchasers, potential purchasers and members of the relevant trade to mistakenly believe that the Infringing Goods originate from, are legitimately connected with, or sold under license from Plaintiffs, or are otherwise sponsored by, or approved by or connected

to Plaintiffs and/or Plaintiffs' products.

47. ARP's use of the Infringing Marks on its products has been done without Plaintiffs' consent and violates Plaintiffs' exclusive rights in its "Tailgator Sunshade" trademarks, thereby constituting trademark infringement in violation of the Mass. Gen. Laws, Ch. 110H, § 12, and the common law of Massachusetts.

48. Defendant's activities described above have been willful, wanton, and in deliberate disregard of Plaintiff's "Tailgator Sunshade" trademarks, and for the purpose of intentionally misappropriating and capitalizing on Plaintiffs' goodwill.

49. Defendant's use of the Infringing Marks on the Infringing Goods is greatly and irreparably damaging to Plaintiffs and will continue to greatly and irreparably damage Plaintiffs unless restrained by this Court. As a result, Plaintiffs are without an adequate remedy at law.

50. Plaintiffs' damages from the aforesaid unlawful actions of Defendant ARP are not yet determined.

## JURY DEMAND

51. Plaintiffs demand a trial by jury on all causes of action, claims and defenses.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiffs respectfully request that this Court enter an Order granting the following relief:

a) For judgment that Plaintiffs' trademark has been and continues to be infringed by ARP;

b) That Defendant, its officers, directors, agents, servants, employees, attorneys, confederates, related companies, licensees, successors in interest, heirs, assigns and all other persons, firms or corporations acting for, with, by, through and/or under its authority, or otherwise in active concert or privity or in participation with it, be preliminarily and permanently enjoined:

(1) from using the Infringing Marks or other reproduction or colorable imitation of Plaintiffs' "Tailgator Mark", or any confusingly similar marks in any way or using the words "tailgator," "tailgater" or any other any word, words, phrases, symbols, logos, etc., in connection with or in the offering, selling, distributing, disposing of, licensing, leasing, transferring, displaying, marketing, advertising, promoting, reproducing, developing, or manufacturing of sunshade products not originating with Plaintiffs or authorized by Plaintiffs;

(2) from using the Infringing Marks or other reproduction or colorable imitation of Plaintiffs' "Tailgator Mark", or any confusingly similar marks in any way or using the words "tailgator," "tailgater" or any other any word, words, phrases, symbols, logos, etc., in connection with or in the offering, selling, distributing, disposing of, licensing, leasing,

transferring, displaying, marketing, advertising, promoting, reproducing, developing, or manufacturing of Defendant's business, services, and/or goods in any manner which would be likely to cause confusion, to cause mistake, or to deceive the relevant trade and public;

    (3)    from committing any acts calculated to cause purchasers to believe that Defendant's products are Plaintiffs' products or authorized products, unless they are such;

    (4)    from infringing Plaintiffs' trademark and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from its misappropriation of the rights of Plaintiffs and/or the registration of Plaintiffs' trademark; and

    (5)    From otherwise competing unfairly with Plaintiffs in any manner.

c)    Requiring that Defendant pay to Plaintiffs such damages as Plaintiffs have sustained in consequence of Defendant's infringement of the registered "Tailgator Sunshade" trademark and unfair competition, and to account for and to pay to Plaintiffs:

    (1)    all gains, profits and advantages derived by Defendant from its infringement;

  (2) all gains, profits and advantages derived by Defendant from said unfair competition; and

  (3) all damages incurred by Plaintiffs as a result of such infringement and unfair competition;

 d) That judgment be entered for Plaintiffs for three times such profits or damages, whichever is greater, together with prejudgment interest in consequence of Defendant's willful infringement of Plaintiffs' registered trademark;

 e) Requiring Defendant ARP to recall and destroy, at its sole and exclusive cost, all items and materials in its possession or under its control that bear the Infringing Marks or any other imitation of Plaintiffs' Tailgator Mark, including advertisements, catalogs, labels and packaging;

 f) That ARP be required to pay to Plaintiffs their reasonable attorneys' fees and costs incurred in connection with the prosecution of this action; and

 g) For such other and further relief as the Court deems appropriate.

//

//

//

DATED: March 20, 2015			RESPECTFULLY SUBMITTED,

						TAILGATOR SUNSHADE, LLC
						CHARLES SOTIRKYS

						By their attorneys,


						By: /s _____
						_____
						Phillip Daman (BBO # 681040)
						Daman & Associates
						15 Court Square, Suite 800
						Boston, Massachusetts 02108
						Phone: 617-221-3737
						Email: Phillip.Daman@Damanllc.com

						−  and  −

						  Larry Zerner
						  (*pro hac vice* motion to be submitted)
						  Law Office of Larry Zerner
						  1801 Century Park East, Ste. 2400
						  Los Angeles, CA 90067
						  Phone: 310-773-3623
						  Email: Larry@Zernerlaw.com